

MINUTE ENTRY
DUVAL, J.
January 23, 2001

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MYERS C. THURMAN a/k/a
MIKE THURMAN                                              CIVIL ACTION

VERSUS                                                    NO. 00-191

TRANSOCEAN OFFSHORE VENTURES,                             SECTION "K"(5)
ET AL.

Attending a pre-trial conference held this day were:

Harvey Lewis and E. Bragg Williams, III for plaintiff and
Tim Cerniglia for defendant.

**PLEASE READ AND STRICTLY COMPLY WITH EACH DEADLINE ESTABLISHED HEREIN. Failure to comply with this order may result in sanctions, including, but not limited to, waiver of issues and objections not timely filed, an award of costs and expenses, a continuance of the trial date, and/or dismissal.**

Based on the discussion that ensued,

**IT IS ORDERED** that:

1. It is anticipated that the non-jury portion of this matter shall be compromised prior to trial.

2. Transocean Offshore Ventures, Inc. is hereby **SUBSTITUTED** as the proper party defendant as the parties so stipulated in the pre-trial conference.

DATE OF ENTRY
FEB 0 5 2001

3. Prior to February 2, 2001, counsel shall:

   a. meet, pre-mark, and exchange all exhibits intended to be used at trial and stipulate as to their authenticity and admissibility, if possible.

   b. review all deposition testimony to be used at trial in accordance with this Court's rules and shall eliminate all attorney colloquy, extraneous, and objectionable material therefrom.

4. No later than **4:30 p.m., February 2, 2001**, counsel shall:

   a. file all memoranda (an original and one copy) relative to the objections to exhibits;

   **No party shall be permitted to make use at trial of any exhibits for which no stipulation as to authenticity and admissibility exists or for which no memorandum relative to the objections has been timely submitted, except by leave of Court or for good cause shown.**

   **Furthermore, when filing any motion in limine with respect to an exhibit, counsel must identify each relevant exhibit by that number used in the Bench Books to be provided to the Court; otherwise, a copy of each exhibit must be attached to the motion. Failure to comply with this order may result in the automatic denial of the motion in limine.**

   b. file all motions in limine and memoranda in support thereof mentioned in the pre-trial order;

   c. deliver to Court one bench book with copies of marked exhibits containing a specific list of exhibits with each. The exhibits for the record shall be given to the Courtroom Deputy on the morning of trial.

   d. submit copies of depositions to be used at trial marked with designations shown in high-lighter pen (one color for each party), and all written objections and memoranda relative thereto. **The Court will not permit the use of deposition testimony not prepared in compliance with these requirements at trial, except for good cause shown; any objection not briefed will be considered waived.**

   e. submit the curriculum vitae and a copy of the report of each expert listed in the pre-trial order.

   f. submit an original and one copy of proposed jury instructions, jury interrogatories, special voir dire questions, a joint statement of the case

        (which is a short synopsis of the facts of the case to be used for voir dire purposes).

    g.    identify by name any witness identified as a "representative" in the pre-trial order by addendum to the Pre-Trial Order. **FAILURE TO DO SO WILL CONSTITUTE A WAIVER OF THE RIGHT TO CALL SUCH WITNESS, EXCEPT UPON A SHOWING OF GOOD CAUSE.**

5.    Responses to any memoranda filed on February 2, 2001 shall be filed no later than **4:30 p.m. February 6, 2001.**

**NOTE--ALL MATERIALS TO BE FILED SHALL BE FILED IN CHAMBERS--NOT IN THE CLERK'S OFFICE**

6. On the **day of trial** counsel shall,

    a.    provide the Court with a copy of any deposition testimony to be used for impeachment purposes, along with any other discovery material that has not been previously provided to the Court.

    b.    provide the Courtroom Deputy with a list of witnesses counsel intends to call each day of trial.

7.    Counsel shall pursue amicable resolution of this matter. In the event a settlement is reached, counsel shall retrieve all bench books and copies of depositions previously submitted to the Court within five days. Failure to timely retrieve these materials shall be construed by the Court as a request to discard same.

8.    On the day of trial, counsel shall be present in Chambers at 8:00 a.m. to discuss all necessary preliminary matters. Jury selection and trial shall commence at 8:30 a.m.

9.    Counsel are hereby apprised that an Elmo Visual Presenter will be available for use at trial. This system allows counsel to show all documents and exhibits to the jury on a large screen

and eliminates the need for copies of bench books for each juror. The Elmo can also be used to display a variety of non-documentary evidence, such as three-dimensional objects and x-rays, to the jury. Also available is an Epson 5100 Data Video Projector, which will enable counsel to show material stored on floppy disks, hard drives, or CD-ROMS to the jury on the large screen using counsels' personal laptop computers. If counsel are unfamiliar with the use of an Elmo or Epson Projector, counsel may arrange to have the courtroom deputy or law clerk familiarize counsel with the devices the morning of trial or at an arranged meeting during the week before trial. **The Court requires counsel to make use of the Elmo and/or Epson Projector.**

