

**MINUTE ENTRY**
**DUVAL, J.**
**February 2, 2001**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MYERS C. THURMAN<br>A/K/A MIKE THURMAN | CIVIL ACTION |
| VERSUS | NO. 00-191 |
| TRANSOCEAN SEDDO FOREX, INC. | SECTION "K"(5) |

Attending a telephonic status conference to consider a continuance of the trial of this matter which was held this day were:

Harvey Lewis for plaintiff and
Timothy Cerniglia for defendant.

The Court received correspondence from plaintiff's counsel seeking a continuance of this trial based on a potential amendment of the pleadings as a result of information allegedly obtained since January 29, 2001 as well as a concern about about co-counsel for plaintiff being called as a witness at trial. While counsel agreed that Mr. Montgomery, co-counsel for plaintiff, would not be called as a witness and testimony concerning his conversations would be elicited, whether an amendment is appropriate is highly contested.



DATE OF ENTRY
FEB 0 5 2001



After hearing the argument of counsel during the status conference and reviewing the letters of counsel dated February 2, 2001 and the issues discussed in various motions in limine,

**IT IS ORDERED** that the trial of this matter is **CONTINUED**. The issue of the amended complaint shall be presented to the magistrate **no later than February 16, 2001**. After a decision on this issue is rendered by the magistrate judge, the Courtroom Deputy shall schedule a preliminary pretrial conference for the matter to be reset. If the amendment is allowed, new cut-offs shall established.



LEWIS, KULLMAN & STERBCOW
ATTORNEYS AT LAW
2615 PAN-AMERICAN LIFE CENTER
601 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70130
TELEPHONE (504) 588-1500
TELECOPIER (504) 588-1514
E-MAIL lewkull@bellsouth.net

HARVEY J. LEWIS*
LAWRENCE S. KULLMAN
PAUL M. STERBCOW
DAVID A. ABRAMSON
*A PROFESSIONAL CORPORATION

**WRITER'S DIRECT LINE**
(504) 588-1551

DIRECT E-MAIL
hjlewis@mail.msy.bellsouth.net

February 2, 2001

**BY HAND**

Honorable Stanwood R. Duval, Jr., Judge
United States District Court
Eastern District of Louisiana
500 Camp Street, Room C368
New Orleans, Louisiana 70130

    Re:    **Myers C. ("Mike") Thurman v. Transocean Sedco Forex, et al.
USDC CA 00-0191 c/w 00-0227**

Dear Judge Duval:

Your Honor will recall that I am lead counsel for the plaintiff in the captioned matters which are set for trial commencing February 12, 2001. At the settlement conference yesterday, the parties reached an agreement with respect to the maintenance and cure litigation which bears docket no. 00-0227, but the Jones Act and general maritime claims arising from the alleged August 21, 1999 incident were not resolved.

Certain developments have occurred since Monday, January 29, 2001 when I deposed John Keeton, the rig manager of the *D/B TRANSOCEAN RICHARDSON*, which cause the plaintiff to seek a continuance. Magistrate Chasez suggested that I write a letter requesting a status conference to discuss my reasons for seeking a postponement.

In brief, it now appears certain that Transocean is responsible for the benefits that the plaintiff is entitled to recover under the Sonat "Compensation Plan" growing out of the two accidents he had in 1993 while working for Sonat. As a consequence, the Compensation Plan, settlement negotiations, et cetera are not only relevant for purposes of showing motive, intent, et cetera under F.R.E. Rule 404 and/or for impeachment purposes; the plaintiff has viable claims based on that Compensation Plan which should be litigated together with the Jones Act etc. claims for the 1999 incident. This will, of course, require the pleadings to be amended to put the plaintiff's rights under the Compensation Plan at issue.

Additionally, defense counsel says he intends to introduce evidence of a telephone conversation between my referral counsel, Joe Montgomery, of Poplarville, Mississippi, and Transocean's claim representative, Karen Cothran, alleged to have occurred prior to the filing of

.LEWIS & KULLMAN
ATTORNEYS AT LAW

Honorable Stanwood R. Duval, Jr., Judge
Re: Myers C. (Mike) Thurman
February 2, 2001
Page 2

these lawsuits. Mr. Montgomery remains on the defendant's witness list, and so he may be called. Regardless, if Ms. Cothran testifies, Mr. Montgomery will be called by the plaintiff to rebut that testimony. In these circumstances, Mr. Montgomery, who was going to help me try this case cannot do so nor can anyone else in his firm. At this late date, no one in my firm is available and, frankly, I need someone to share trial responsibilities because of medical problems I am presently having.

Lastly, the basic purpose of Mr. Keeton's January 29, 2001 deposition was to find out why the other subsea engineer aboard the drill barge on August 21, 1999 was sent to shore before the plaintiff was allowed to leave. Mr. Keeton testified that he was completely unaware of Mr. Thurman's medical limitations and the conditions under which he was permitted to resume work on the drill barge. Mr. Keeton essentially testified that he was determined to replace Mr. Thurman because of Mr. Thurman's limitations and his inability to do all that was required of a subsea engineer. In those circumstances, that evidence raises serious questions about Transocean's liability under the Americans with Disabilities Act.

In the interest of judicial economy, it seems appropriate to have all of the claims going out of Mr. Thurman's relationship with Transocean and its predecessor entities combined in one lawsuit and tried at the same time especially since both sides plan to use much, and hopefully, from the plaintiff's standpoint, all of the "compensation/retirement package," as well as the two 1993 accident evidence at the trial, depending on the Court's ruling on the Motions in Limine.

It is for these reasons that the plaintiff seeks a continuance.

With respect and best wishes, I am

Sincerely yours,

*[signature]*

HARVEY J. LEWIS

HJL\kc
cc:   Timothy Cerniglia, Esq. (via fax: 586-9755)

# SHARP HENRY CERNIGLIA COLVIN & WEAVER

A LIMITED LIABILITY COMPANY
ATTORNEYS AND COUNSELORS AT LAW
2117 WORLD TRADE CENTER
#2 CANAL STREET
NEW ORLEANS, LOUISIANA 70130

TIMOTHY W. CERNIGLIA *†

E-MAIL: tcerniglia@sharphenry.com
* A PROFESSIONAL LAW CORPORATION
† ALSO LICENSED IN TEXAS

TELEPHONE: (504) 586-1555
FACSIMILE: (504) 586-9755

INTERNET: www.sharphenry.com

OFFICES:

BATON ROUGE
HOUMA
NEW ORLEANS
SHREVEPORT

February 2, 2001

Via facsimile: (504) 589-2393
Honorable Stanwood R. Duval, Jr., Judge
U. S. District Court
Eastern District of Louisiana
500 Camp Street, Room C368
New Orleans, Louisiana 70130

Re: Myers C. ("Mike") Thurman vs. Transocean Sedco Forex Inc., formerly Transocean Offshore Inc.; Civil Action No. 00-0191 c/w No. 00-0227, U.S. District Court, Eastern District of Louisiana
Our file No. 11-244-0

Dear Judge Duval:

In response to Harvey Lewis's letter to you of February 2, 2001, in which he is essentially requesting a postponement of the trial, I do not believe that a postponement is warranted.

First, whether or not the plaintiff has a separate *ERISA* claim under his employer's compensation plan is of no moment to the issue of whether Transocean has any liability under the Jones Act or general maritime law for the incident alleged to have occurred in the above captioned lawsuit. While the fact that negotiations and discussions of a retirement package may in fact be relevant to show motive, neither the jury nor this Court need decide whether the plaintiff has a cause of action or a right of recovery under the compensation plan.

The law dealing with employee benefit plans, such as the one referenced, involves laws dealing with *ERISA* and *ERISA* rights. It is a totally separate claim from the one that is before the Court. It involves a different aspect of law. In fact, the two alleged accidents in 1993 which apparently formed the basis of plaintiff's new allegations under what would be an *ERISA* claim are irrelevant to the alleged accident in August 21, 1999.

Simply put, the issue in the above captioned mater, whether an accident occurred on August 21, 1999, and if so, whether Transocean is liable under the Jones Act or general maritime law, is fully

Honorable Stanwood R. Duval, Jr., Judge
February 2, 2001
Page 2

ready for trial. Virtually every possible witness dealing with that injury has been deposed. Extensive discovery was taken, numerous documents have been exchanged, and the matter is ready for trial.

As such, undersigned counsel does not believe that a continuance of the above captioned matter is warranted.

Sincerely yours,

Timothy W. Cerniglia

TWC/mtf

cc: Harvey J. Lewis, Esq.