FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 MAR 14  AM 11: 21

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MYERS C. (MIKE) THURMAN | * | CIVIL ACTION |
| Plaintiff | * | |
| | * | NO. 00-0191 c/w 00-0227 |
| VERSUS | * | |
| | * | SECTION: "K" |
| TRANSOCEAN SEDCO FOREX INC., | * | |
| formerly TRANSOCEAN OFFSHORE INC. | * | MAG. "5" |
| Defendants | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * *

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AND AMENDING COMPLAINT

**MAY IT PLEASE THE COURT:**

### INTRODUCTION

The plaintiff's original complaint under the Jones Act and the General Maritime Law concerns an alleged incident occurring on August 21, 1999, wherein plaintiff contends he was injured while working aboard the D/B RICHARDSON. Plaintiff now seeks to join with this claim totally separate and distinct contractual claims that are not only completely unrelated and foreign to his Jones Act and General Maritime claims, but that are also exclusively governed by 29 U.S.C.A. Section 1001, et seq., generally referred to as the Employment Retirement Income Security Act of 1974 (ERISA).

Transocean suggests that plaintiff's sole motivation for bootstrapping ERISA claims to his Jones Act and General Maritime claims is an attempt to confuse the jury, engender sympathy for plaintiff and prejudice defendant with issues and testimony which have nothing to do with the question of whether any accident even occurred in 1999.

The original case was set for trial on February 12, 2001. Prior to the trial date, Defendant filed a Motion in Limine on January 24, 2001, in anticipation that Plaintiff would introduce evidence pertaining to a completely unrelated accident which occurred in 1993. In the Motion, Defendant asserted that such evidence was irrelevant and likely to confuse, mislead the jury, and unduly prejudice the defendant. Shortly thereafter, Plaintiff filed an Opposition to the Motion in Limine. These Motions are still pending before this Court. Now, Plaintiff has filed a Motion to Supplement and Amend his Complaint to add alleged causes of actions under Transocean's Compensation Program as a result of certain accidents in 1993. It is simply an attempt to accomplish indirectly what he could not accomplish directly.

Transocean is not suggesting that plaintiff has no right to try his ERISA claims before the District Court. Rather, it submits that plaintiff's claims under the Compensation Program should be tried separately in a distinct and separate trial before the District Court sitting without a jury, and his Jones Act and General Maritime claims for the alleged 1999 accident tried before a jury. The evidence and legal issues are so different that there would be no overlap of testimony and exhibits in the two trials. More importantly, if the testimony and exhibits relevant to the ERISA claims were admitted before the jury in the Jones Act claims, Transocean would be unduly prejudiced. Accordingly, Plaintiff's Motion to Supplement and Amend his Complaint to join the 1993 contractual claims with the 1999 Jones Act and General Maritime claim should be <u>denied</u>.

## **FACTUAL BACKGROUND**

At the core of plaintiff's proposed amended complaint is Transocean's Compensation Program. Benefits are payable under this plan to employees who suffer a temporary or permanent disability as a result of an on the job accident, irrespective of the fault or liability of either Transocean or the injured employee and without the need for any legal proceedings. The plan specifically provides that if an employee elects to seeks damages or legal remedies through court proceedings that Transocean may discontinue any payments under the plan. Also, the plan administrator may require such releases as are deemed necessary as a condition precedent to continuation of any benefits under the plan.

In 1993, plaintiff claims to have been involved in two separate accidents, one on February 8, 1993 and another on May 17, 1993. The plaintiff did not miss any work or see any physician or seek medical treatment of any kind until nearly two years after the last incident in May of 1973. Moreover, the complaints in 1995 were different in nature than the injuries alleged in 1993. Even though a question could have been raised by Transocean as to whether the physical problems which necessitated treatment in 1995 had any causal connection to the 1993 incidents, Transocean provided plaintiff with disability payments and paid all medical costs under its voluntary Compensation Program. Plaintiff returned to work in 1996 and continued to do so until after the alleged accident in 1999. Plaintiff now seeks to amend his lawsuit to assert that he is still owed contractual benefits under the Compensation Plan as a result of the 1993 accidents.

Plaintiff's original lawsuit concerned only his personal injury claim arising on August 21, 1999. Plaintiff claims he was injured while performing heavy manual labor during a hurricane evacuation of the D/B RICHARDSON. As a result, plaintiff filed his Jones Act and General Maritime

3

claims against Transocean. Defendant contends that there was no accident in 1999, and alternatively, if there was, there was no fault or negligence on Transocean's part and further, that plaintiff has suffered no loss of wage earning capacity.

Plaintiff, in his Memorandum in Support, claims that the 1993 contractual claims should be tried together in the same lawsuit with the 1999 Jones Act claim. Plaintiff alleges that the 1993 incidents injuries and resulting disability are relevant and probative with respect to the 1999 litigation; and that the same evidence establishes defendant's liability. However, as will be discussed below, defendant will show that these claims are not only irrelevant and not probative but are significantly different from the 1999 Jones Act claim. Furthermore, practical problems will undoubtedly arise if tried together due to the distinction between the contractual claims arising out of two distinct and separate accidents occurring in 1993 and the 1999 Jones Act claim. More importantly, a jury not familiar with or competent to hear issues under ERISA hears evidence relevant to the ERISA claims will likely be swayed in it's determination by sympathy, confusion of issues, or both. The result will be that Transocean's liability under the Jones Act and General Maritime Law will likely be decided on inadmissible, irrelevant and prejudicial evidence.

## ARGUMENT

Transocean's Compensation Plan is an ERISA plan. See *Hansen v. Continental Insurance Company*, 940 F.2d 971 (5th Cir. 1991). ERISA's civil enforcement scheme, as set forth in 29 U.S.C.A. Section 1132, et seq., governs the disposition of the plaintiff's 1993 claims. Whether and to what extent the plaintiff is entitled to anything under the Compensation Program will turn on the written plan itself, the interpretation given the plan by the plan administrator, whether the 1993 accidents were the cause of the plaintiff's claimed disability, and whether the plaintiff failed to comply

with the terms and conditions of the plan, with the wide discretion given plan administrators under ERISA. Most importantly, plaintiff's rights under the plan can only be heard by the District Court sitting without a jury. ERISA cases are not tried to a jury. *See Borst v. Chervon*, 36 F.3d 1308, 1323 (5th Cir. 1994) (We have held as have the majority of other circuits, that ERISA claims do not entitle a plaintiff to a jury trial).

Whether and to what extent the plaintiff is entitled to any recovery for his alleged 1999 accident will turn on issues of traditional Jones Act and General Maritime negligence to be decided by a jury. The very limited questions in the Jones Act and General Maritime claims are whether an accident actually occurred on August 21, 1999, and if so, whether the accident was caused or contributed by the negligence of Transocean or the failure of the plaintiff to exercise reasonable care under the circumstances.

The relevant facts for the jury to decide in the Jones Act and General Maritime claims will involve questions of credibility of the plaintiff, co-workers on board, and the facts and circumstances surrounding the initial claim of injury. The questions of law to be decided by the jury, should they determine there was an accident or injury on August 21, 1999, will be whether and to what extent Transocean's conduct fell below that of a reasonably prudent employer and whether and to what extent the plaintiff failed to exercise reasonable care under the circumstances.

The relevant facts to be decided by the District Court in the ERISA claims will be the terms and provisions of the Compensation Program, the facts surrounding the 1993 alleged injuries, the medical causation, if any, of the 1993 accidents, the interpretation and application of the plan by the plan administrator to the facts of plaintiff's injury, disability, and the conduct of the plaintiff in complying with the terms and provisions of the plan. The question of law to be decided by the

District Court will be whether the interpretation given and application of the Compensation Plan by the plan administrator was manifestly erroneous or not. In ERISA claims great discretion is given to the plan administrator for the determination of benefits.

Simply put, the causes of action sought to be joined are significantly different from one another. Certain practical problems will arise if tried together due to the distinction between the ERISA claims and Jones Act claims. These difficulties are inherent in the nature of the claims. Each involves a separate standard of proof, causation, and review. The distinction between the claims is understandable when one considers that the bases for liability differs, as does the origins of the two separates causes of action.

The issues will require different witnesses and different documentary proof. ERISA is a trust based claim in equity which is largely based upon documentary proof, while a Jones Act claim is a claim to prove negligence or unseaworthiness. The 1993 ERISA claims will require an analysis and review of the terms and conditions of the Compensation Plan. Oral testimony will consists of testimony from officers of Transocean and the interpretation of all relevant facts and provisions of the plan by the plan administrator. The Jones Act and General Maritime claims will be decided on the facts of the alleged accident.

There is a grave danger that the jury deciding the Jones Act and General Maritime claims will be confused and unduly swayed by any evidence relevant only to the plaintiff's ERISA claims. The trial complications from having evidence of plaintiff's ERISA claims presented before the jury on the 1999 Jones Act and General Maritime claims will result in substantial prejudice to the defendant. There is a high likelihood that the jury hearing the 1999 Jones Act and General Maritime claims will

award monetary damages simply because of sympathy for the plaintiff and confusion of the issues, and a misunderstanding of why it was presented with evidence to ERISA claims.

Besides, should this Court grant Plaintiff's Motion to Supplement and Amend Complaint, then Defendant could (and would) properly move the District Court to sever the new claims under Rule 21 of the Federal Rules of Civil Procedure, or for separate trials under Rule 45(b). Under the Federal Rules of Civil Procedure, the fact that diverse claims may be joined in a single complaint does not suggest that such claims should be adjudicated in a single trial. District courts are afforded broad discretion when determining whether to sever a case under Federal Rules of Civil Procedure 21. Rule 21 provides, in pertinent part, that "any claim against a party may be severed and proceeded with separately." If the severed claim is one of multiple claims asserted by a single plaintiff against a single defendant, the parties are then involved in two separate actions rather than the single original action. *Henderson v. AT&T Corporation,* 918 F.Supp. 1059, 1062 (S.D.Tx.1996). Rule 21 authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance. *Wyndham Accocs. V. Bintliff,* 398 F.2d 614 (2d Cir. 1968). The rule empowers the court to sever those issues which, if tried with the main issue, would lead to confusion, delay, or undue prejudice.

Rule 42 (b) provides that the Court, "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order separate trials of any claim, cross claim, counterclaim, or third party claim, or of any separate issue or any number of claims, or issues." Transocean could and would be entitled to separate trials on the District claims now sought to be joined.

In determining whether severance is proper under Rule 21 or separate trials under Rule 45(b) is appropriate, the Court considers the same concerns, namely, convenience of the parties, avoiding prejudice, and promoting expedition and economy. *Sutton Hill Assocs. V. Landes,* No. Civ. A. 87-8452, 1988 WL 56710, at 2 (S.D.N.Y. 1988). Specifically, this District Court must determine: (1) whether the issues sought to be tried separately are significantly different from one another; (2) whether the separable issues require the testimony of different witnesses and different documentary proof, (3) whether the party opposing the severance will be prejudiced if it is granted, and (4) whether the party requesting the severance will be prejudiced is it is not granted. *Official Comm. Of Unsecured Creditors v. Shapiro,* 190 F.R.D. 352 (E.D. Pa. 2000) (quoting *German v. Fed. Home Mortgage Corp., 896 F. Supp. 1385, 1400 (S.D.N.Y. 1995)).* Transocean submits that had these claims been originally joined, it could have them severed or tried separately. As such, nothing is gained by the joinder of these claims at this time since they would be properly severed, or have separate trials ordered.

## CONCLUSION

Based on the foregoing, Transocean submits that plaintiff's contractual claims of 1993 cannot be properly joined with plaintiff's 1999 Jones Act claim. If tried under one suit, it will lead to great prejudice to the defendant. Transocean hereby requests that its Motion in Opposition to Amend Complaint be granted. In the Alternative, defendant submits that the two separate and distinct causes of action should be tried separately.

Respectfully submitted,

SHARP, HENRY, CERNIGLIA,
COLVIN, WEAVER, & HYMEL

_____
TIMOTHY W. CERNIGLIA, T.A. (Bar #3964)
MICHAEL REESE DAVIS (Bar #17529)
SHANNON WILLIAMS (Bar #27141)
2117 World Trade Center
#2 Canal Street
New Orleans, LA 70130
Telephone: (504) 586-1555
Attorneys for Defendant

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served on all counsel of record via United States mail, properly addressed, postage prepaid, this 14th day of March, 2001.

_____